IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEE FRANK BANIEL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CIVIL ACTION NO.<br>2:18-CV-561-LSC-CSC<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.   INTRODUCTION

Before the court is Lee Frank Baniel's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. # 1.[1] For the reasons discussed below, the court recommends that Baniel's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## II.   BACKGROUND

In February 2006, Baniel pled guilty to aiding and abetting the robbery of a U.S. postal employee by putting the victim's life in jeopardy through use of a dangerous weapon, in violation of 18 U.S.C. § 2114(a) and § 2 (Count 1), and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). Doc. # 12-3. The predicate "crime of violence" for Baniel's § 924(c) conviction under Count 2 was

---

[1] References to document numbers ("Doc. #") are to the document numbers of the pleadings, motions, and other materials in the court file as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

the robbery charged in Count 1. *See* Doc. # 12-1 at 3. After a sentencing hearing on June 8, 2006, the district court sentenced Baniel to 272 months in prison, consisting of 188 months on Count 1 and 84 months on Count 2, the terms to run consecutively. Doc. # 12-5. Baniel did not appeal.

On May 23, 2018, Baniel filed this § 2255 motion claiming that, in light of *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the predicate crime for his § 924(c) a conviction, 18 U.S.C. § 2114(a) (robbery of a postal employee or "postal robbery"), is not "a crime of violence," and thus his § 924(c) conviction is invalid. Docs. # 1, 2. In *Johnson*, the Supreme Court held that the so called residual clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. *See* 576 U.S. at 597. In *Dimaya*, the Supreme Court applied the reasoning of *Johnson* to find that the residual clause of the "crime of violence" definition in 18 U.S.C. § 16(b) is unconstitutionally vague. *See* 138 S. Ct. at 1210–11.

In July 2019, Baniel amended his § 2255 motion to argue that the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), renders the § 2114(a) postal robbery predicate offense for Count 2 no longer a "crime of violence" for purposes of § 924(c), thus invalidating his § 924(c) conviction. Doc. # 16.

Prior to the Supreme Court's decision in *Davis*, under 18 U.S.C. § 924(c)(3)(A) and (B), a "crime of violence" was an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or that (B) "by its nature, involves a substantial risk that physical force against

the person or property of another may be used in the course of committing the offense." The former clause is referred to the "use-of-force" or "elements" clause, and the latter clause as the "residual clause." *Davis*, 139 S. Ct. at 2324. In *Davis*, the Supreme Court extended its decision in *Johnson* to § 924(c) and held that the residual clause in § 924(c)(3)(B), like the ACCA's residual clause, is unconstitutionally vague, abrogating the Eleventh Circuit's decision in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018), which held the exact opposite. *Davis*, 139 S. Ct. at 2336.

The Eleventh Circuit has since held that *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *In re Hammond*, 931 F.3d 1032, 1038–40 (11th Cir. 2019).

## III.   DISCUSSION

Baniel relies on the Supreme Court's decision in *Davis* to argue that his § 924(c) conviction is invalid. *See* Doc. # 16. But nothing in *Davis*'s holding regarding the unconstitutionality of the residual clause of 18 U.S.C. § 924(c)(3)(B)—and nothing in the holdings of *Johnson* and *Dimaya*—invalidates postal robbery under 18 U.S.C. § 2114(a)[2] as a "crime of violence" under the use-of-force clause of 18 U.S.C. § 924(c)(3)(A). In *In*

---

[2] The postal robbery statute provides:
> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

18 U.S.C. § 2114(a).

3

re Watt*, 829 F.3d 1287 (11th Cir. 2016), the Eleventh Circuit held that postal robbery under § 2114(a) is a "crime of violence" under § 924(c)(3)(A)'s use-of-force clause. *See* 829 F.3d at 1289–90. That holding is dispositive of Baniel's claim here.

The district court in *Dickerson v. United States*, 2020 WL 5423205, at *6 (M.D. Fla. Sept. 10, 2020), found *Watt* to be dispositive when rejecting a claim identical to the one raised by Baniel. The district court observed that "robbery under § 2114(a) . . . has as an element the taking of property 'by means of force and violence' or 'by means of intimidation,' *Pattern Crim. Jury Instr*. 11th Cir. OI O77 (2016), which necessarily encompasses the use, attempted use, or threatened use of physical force." *Dickerson*, 2020 WL 5423205, at *6. The § 2114(a) robbery in *Dickerson* was like Baniel's in another respect: it had as an element the putting of the victim's life in jeopardy by use of a dangerous weapon. The district court in *Dickerson* stated:

> And if that were not enough, the fact that Dickerson admitted to the additional element of putting the victims' lives in jeopardy by using a dangerous weapon, i.e., a loaded .40 caliber gun, doubtlessly introduced the use, attempted use, or threatened use of physical force as an element. *See* Plea Agreement at 56, 18–19, 22–23. In *United States v. Enoch*, the Seventh Circuit held that robbery under § 2114(a), where the defendant used a dangerous weapon, is a crime of violence under § 924(c)(3)(A) because of the element of putting the victim's life in jeopardy through the use of a deadly weapon. 865 F.3d 575, 580–82 (7th Cir. 2017). Likewise, in the bank robbery context, the Eleventh Circuit has found that the use of a dangerous weapon to effect the robbery, in conjunction with taking the property by force and violence or by fear, made the offense a "crime of violence" under § 924(c)(3)'s use-of-force clause. *In re Hines*, 824 F.3d 1334, 1336–37 (11th Cir. 2016). Accordingly, Dickerson's § 924(c) conviction and sentence did not depend on § 924(c)(3)(B) because both of his convictions under Counts Three and Five qualify as a "crime of violence" under § 924(c)(3)(A).

2020 WL 5423205, at *6.

A federal prisoner raising a claim under *Davis* cannot show he was sentenced under § 924(c)(3)(B)'s residual clause if current binding precedent establishes that his predicate offense qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A). *See In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019). *Watt* is binding precedent in this circuit. Therefore, nothing in *Davis* (or in *Johnson* or *Dimaya*) provides relief for Baniel's § 924(c) conviction. *See Smith v. United States*, 2020 WL 2132048, at *5–6 (N.D. Ala. May 5, 2020) (also relying on *Watt* as binding precedent in rejecting a claim identical to Baniel's).

Finally, it makes no difference that the predicate crime of violence for Baniel's § 924(c) conviction was *aiding and abetting* the § 2114(a) postal robbery. The Eleventh Circuit has repeatedly held that where the companion substantive offense qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause, aiding and abetting the companion substantive offense equally qualifies as a crime of violence under the use-of-force clause. *See Watt*, 829 F.3d at 1289–90; *Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019); *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016); *In re Colon*, 826 F.3d 1301 (11th Cir. 2016). Baniel's aiding and abetting the § 2114(a) postal robbery charged in Count 1 qualified as a crime of violence under the use-of-force clause in § 924(c)(3)(A). Therefore, his § 924(c) conviction under Count 2 remains valid.

### IV. CONCLUSION

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Baniel be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **May 27, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of May, 2021.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE